376 So.2d 117 (1979)
STATE of Louisiana
v.
Wade A. RAWLS.
No. 64372.
Supreme Court of Louisiana.
October 8, 1979.
Charles E. Joiner, West Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Johnny C. Parkerson, Dist. Atty., Walter Lee Perkins, Jr., Asst. Dist. Atty., for plaintiff-appellee.
BLANCHE, Justice.
Defendant, Wade A. Rawls, plead guilty to possession of marijuana in violation of R.S. 40:966 reserving his right to appeal from the Court's denial of the motion to suppress certain physical evidence (a plastic bag of marijuana) allegedly obtained from his person at the time of his arrest. Defendant contends that the seizure of the marijuana occurred before he was arrested and was, therefore, the product of a warrantless search prior to arrest. Defendant relies on our decision in State v. Aguillard, 357 So.2d 535 (La.1978), which holds that a warrantless search prior to arrest is invalid.
At the hearing on defendant's motion to suppress the evidence, the following facts were ascertained. Officer Royce Toney of the Ouachita Parish Sheriff's Department was conducting a surveillance of a bar and observed the defendant Rawls and two other persons outside the bar passing between *118 them what Toney believed to be a marijuana cigarette. Officer Toney, who was within ten to twenty feet of the said persons, also detected an order associated with smoking marijuana cigarettes. This surveillance lasted until Rawls and his two friends got into an automobile and drove off. With the help of a marked unit, Toney stopped the suspects' car, ordered Rawls out of the vehicle and searched him for weapons and marijuana. At this point, Toney advised Rawls that he was under arrest.
A search conducted without a warrant is per se unreasonable, subject to only a few well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Franklin, 353 So.2d 1315 (La.1977). A search incident to a lawful arrest made of the person and the area in his immediate control is one of these exceptions. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Such a search is justified in order to discover weapons that may threaten the safety of the arresting officer and to prevent the concealment and destruction of evidence. Chimel, supra. A lawful arrest must already have occurred in order to justify a search incident to an arrest. State v. Aguillard, supra; State v. Marks, 337 So.2d 1177 (La.1976).
Evidence in proof of defendant's contention that he was not arrested at the time he was searched comes from the arresting officer who testified that he did not place the defendant under arrest until after he found the marijuana on his person. Despite this officer's testimony, we believe that he did in fact arrest defendant before searching him. The evidence shows that after defendant had been observed smoking a marijuana cigarette, he departed in a vehicle with two of his friends. Almost immediately thereafter, the vehicle in which he was riding was "jammed", or surrounded, by two police vehicles. The police then descended on the stopped vehicle and Officer Toney went to the passenger side and ordered Rawls out of the vehicle. He then advised Rawls that they suspected the vehicle contained marijuana and advised him of his constitutional rights. He then brought Rawls to the back of the police vehicle and, while Rawls was in a "spread eagle" position over the back of the trunk of the vehicle, Officer Toney advised him that he was looking for both marijuana and weapons. With Rawls unrestrained in this position, we would consider that he was under arrest for the purpose of the constitutional justification of a search incident to a lawful arrest. The magic words "You are under arrest" could have hardly amounted to a more purposeful restraint.
In State v. Marks, supra, we noted that the statutory definition of "arrest" is keyed to the concept of restraint. See La.Code of Criminal Procedure, art. 201. In that case, we concluded that the circumstances indicating an intent to effect the restraint on the liberty of an accused, rather than the precise timing of an officer's statement that the suspect is under arrest, determines when an arrest has been made. See also Peters v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968) for the U.S. Supreme Court's approval of this principle. Also see State v. Sherer, 354 So.2d 1038 (1978).
For the reasons assigned, the trial judge correctly denied the motion to suppress and accordingly, defendant's conviction and sentence are affirmed.
CALOGERO, J., concurs.