409 So.2d 569 (1982)
STATE of Louisiana
v.
Thomas A. LUND, Jr. and Herman O. Matthews.
No. 81-K-1903.
Supreme Court of Louisiana.
January 25, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, James A. Williams, Dolores V. Mason Smith, Asst. Dist. Attys., for plaintiff-relator.
Lawrence J. Boasso, Frank Larre, Tilden Greenbaum, of Orleans Indigent Defender Program, New Orleans, for defendants-respondents.
WATSON, Justice.
Defendants, Thomas A. Lund, Jr. and Herman O. Matthews, were charged with unlawful possession of a controlled dangerous substance, Pentazocine, in violation of LSA-R.S. 40:967. The trial court granted defendants' motions to suppress the evidence and the state obtained a writ of certiorari.

*570 FACTS
Shortly before 5:00 A.M. on January 16, 1981, Officers John Faust and John Evans were in the Club Desire and observed Matthews counting out pills into Lund's hand. Lund was holding money in his other hand. Recognizing the pills as contraband, the officers placed Lund and Matthews under arrest and seized the pills. Officer Faust said that he and his partner entered the bar because it was unusual to see Lund, a white man, going into a place with a completely black clientele. Since the Club Desire is in a high crime area, the officers planned to advise Lund that he was in a dangerous place. Faust surmised that Lund might be a visiting sailor who was unfamiliar with the neighborhood.
The trial court concluded that the officers did not have an adequate reason to enter the bar and granted the motion to suppress.

CONCLUSION
The police officers' reason for entering the Club Desire is irrelevant. It is a public establishment, which the officers were free to enter for any reason or no reason. Defendants had no reasonable expectation of privacy on the premises of the Club Desire. United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). The officers had the right to accept the bar's invitation to the public. Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966). There was no intrusion into a protected place. State v. Dixon, 391 So.2d 836 (La., 1980).
After the police officers entered the Club Desire, they became inadvertent witnesses to criminal conduct. They observed contraband being exchanged. The officers had probable cause to believe that a crime was being committed in their presence. They had both a right and a duty to arrest the defendants and seize the contraband. LSA-C.Cr.P. art. 213(1);[1]United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). The trial court erred in granting the motion to suppress.
Accordingly, the writ is made absolute; the ruling of the trial court granting the motion to suppress is reversed; and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] LSA-C.Cr.P. art. 213(1) provides:

"A peace officer may, without a warrant, arrest a person when:
"(1) The person to be arrested has committed an offense in his presence, and if the arrest is for a misdemeanor it must be made immediately or on close pursuit; * * *."