412 So.2d 1065 (1982)
STATE of Louisiana
v.
Roberto MELTON.
No. 81-K-2946.
Supreme Court of Louisiana.
April 5, 1982.
*1066 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., William Credo, Kerry Hogan, Asst. Dist. Attys., for plaintiff-relator.
Sheldon G. Fernandez, Gretna, for defendant-respondent.
WATSON, Justice.
The issue is whether the trial court erred in suppressing forty Quaaludes seized from the defendant, Roberto Melton.
*1067 At the hearing on the motion to suppress, the only witness was Officer Bobby Hollingsworth of the Gretna Police Department. Hollingsworth, a two year employee assigned to the traffic division, was off duty on the evening of May 4, 1981. When he entered the restroom of Spanky's Disco, he observed defendant Melton standing with a clear plastic "ziplock" sandwich bag containing a large number of pills. When Melton saw Hollingsworth, he put the plastic bag in his left boot. Hollingsworth identified himself as a police officer and asked Melton to step outside where Detective Davis was located. The two had Melton place his hands on the wall, searched him, found forty pills in his boot and placed him under arrest.
Hollingsworth did not know what kind of pills were in the plastic sandwich bag when he first observed it but believed that the pills were illegal drugs. Davis subsequently pinpointed the identification. Hollingsworth testified that he was under the impression that there were numerous narcotics present in Spanky's Disco. He acknowledged that Melton would have been detained if he had tried to leave the premises.
The trial court granted the motion to suppress on the grounds that there was no arrest, no consent and no probable cause for the search. The State's application was granted to review the ruling.
The State contends that the search is analogous to that in State v. Keller, 403 So.2d 693 (La., 1981). However, Keller involved a search for weapons similar to that in State v. Wade, 390 So.2d 1309 (La., 1980). Here, the only purpose of the search was to find the bag of contraband which had previously been observed in "plain view". There was no reason to believe that there were weapons present. The officer did not allege that he was in danger of life or limb or that he was searching for a dangerous weapon. LSA-C.Cr.P. art. 215.1. Officer Hollingsworth was not acting from fear for his own safety. See Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Compare Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
A search preceding an arrest cannot serve as justification for the arrest. Sibron, supra. When the actual arrest takes place is a question of fact. Peters v. New York, companion case to Sibron, supra. Even though the technical arrest occurs after the search, a defendant may, for purposes of constitutional justification, have been arrested before the search commenced. Sibron-Peters, supra, 392 U.S. 40 at 67, 88 S.Ct. 1889 at 1905, 20 L.Ed.2d 917 at 937; State v. Rawls, 376 So.2d 117 (La., 1979).
Hollingsworth did not physically intrude into a constitutionally protected area. The common area of the public restroom in a discotheque is not a place where one has a legitimate expectation of privacy. State v. Lund and Matthews, 409 So.2d 569 (La., 1982). Hollingsworth observed what appeared to be contraband on the person of Melton. The defendant was in a public place and not in his home or on other constitutionally protected premises. A law enforcement officer, who has a right to be where he is may seize evidence inadvertently observed. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); State v. Sanders, 374 So.2d 1186 (La., 1979). Compare State v. Byers, 359 So.2d 84 (La., 1978). The contents of this plastic sandwich bag were, of course, completely visible and defendant had no reasonable expectation of privacy in its contents. Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). Officer Hollingsworth believed that the bag contained narcotics.[1]
To have probable cause there must be facts and circumstances justifying a reasonable belief that the suspect is committing an offense. Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Melton's detention amounted to an arrest and required probable cause. State v. Rawls, supra, points out that an arrest turns on whether the liberty of an accused *1068 has been restrained, rather than the precise timing of a statement that an arrest has occurred. Here Melton was in fact restrained and arrested when the search was made even though the magic words had not been stated. He was not free at that time. Hollingsworth admitted that, if Melton had not voluntarily accompanied him outside the restroom, Melton would have been forcibly detained. See United States v. Miller, 589 F.2d 1117 (1 Cir. 1978) cert. denied, 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed.2d 771.
Did Melton's possession of a large quantity of pills in a plastic bag and his concealment of them in an unusual place supply probable cause for arrest? If Officer Hollingsworth had probable cause to believe that Melton had committed a crime when he searched him, the search was permissible. The only thing revealed by the search was the contraband which had already been seen. The search did not add any additional grounds or justification for the arrest. Sibron, supra.
Hollingsworth relied solely on first hand observation. While there was no testimony about Hollingsworth's expertise on the appearance of Quaaludes, the large quantity of pills in a plastic bag indicated an illicit drug. Aspirin or prescription drugs are not generally carried in this manner. The fact that the disco itself had a reputation as an establishment where narcotics were present is relevant. See People v. McRay, 51 N.Y.2d 594, 435 N.Y.S.2d 679, 416 N.E.2d 1015 (N.Y.App., 1980).
The question is not whether the formal act of arrest took place after the search was made, but whether probable cause for arrest existed before the search. If an arrest is justified before the search, it is not unreasonable for the search to be made before instead of after the arrest. See People v. Simon, 45 Cal.2d 645, 290 P.2d 531 (1955). The arrest, search and seizure must be "contemporaneous". New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). When there is probable cause but no formal arrest, a limited search to preserve evidence is justified. Cupp v. Murphy, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973). A limited search such as this is lawful if there is probable cause for arrest, regardless of whether the arrest comes before or after the search.[2] Officer Hollingsworth believed the pills to be illegal drugs. His belief under the circumstances was reasonable. Therefore he had probable cause to believe that Melton possessed contraband and was justified in the warrantless detention/arrest and search. LSA-C. Cr.P. art. 213. Subsequently, Detective Davis confirmed that the pills were, in fact, contraband.
For the foregoing reasons, the ruling of the trial court is reversed; the motion to suppress is overruled; and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
There is no justification in this record for reversing the trial judge's ruling. The police officer admitted that he did not know what kind of pills or tablets were in the plastic bag carried by the defendant. The tablets were indistinguishable from aspirin. The police officer obviously arrested the defendant on mere suspicion and not probable cause. When a trial judge who has seen the witnesses and heard them testify makes a determination that is not clearly erroneous, this court should affirm the trial judge's ruling, regardless of whether he decided for or against the state.
NOTES
[1] Compare DiPasquale v. State, 43 Md.App. 574, 406 A.2d 665 (1979) which held that there was no probable cause because the officer did not suspect when he seized a baggie of marijuana that it contained anything other than cigarette tobacco.
[2] The trial court apparently did not rule on the basis of an assessment of the officer's credibility but on the fact that the search and seizure preceded the arrest.

"THE COURT: Alright, the Court is going to have to grant the Motion to Suppress. He wasn't placed under arrest and that there was no consent search to it.
"MR. LASSUS: No probable cause?"
"THE COURT: And no probable cause." (Tr. 10)