SEXTON, Judge.
The defendant, Jerome L. Hargrove, was charged by bill of information with possession of a controlled dangerous substance (cocaine), in violation of LSA-R.S. 40:967. After trial before a six-person jury, he was found guilty and sentenced to five years at hard labor. Defendant appeals, raising three assignments of error. Finding no merit to defendant’s contentions, we affirm the conviction and sentence.
FACTS
On October 3, 1986, Detective Kirk Pet-terson was working as part of the Metro Narcotics Unit of the Monroe Police Department. At about 9:10 p.m. Detective Petterson received information from a confidential informant with regard to two black males in a black Chrysler Cordoba at an address on Libby Drive (on the south side of Monroe). The confidential informant stated that he had seen a gram of cocaine on the person of the passenger and that the two would shortly be leaving the Libby Drive address. Detective Petterson, accompanied by Detective James Fried, also of the Metro Narcotics Unit, went to the location where the black Cordoba was alleged to be.
After arriving at the specified location the officer spotted a black Cordoba occupied by two black males parked in the driveway. Shortly thereafter, the car departed and Detective Petterson and Detective Fried followed the Cordoba for a short distance before stopping it. The driver of the car was Fred Parker, and the passenger was Jerome Hargrove, the defendant.
Both occupants were asked to step out of the car. Detective Petterson held a spotlight on the vehicle while Detective Fried conducted a pat-down search for weapons of both the driver and the passenger. The defendant was standing on the passenger side of the car and had his hands on the top of the car while Detective Fried patted him down. Detective Petterson was in a position to observe the defendant at all times.
The driver and the defendant were then brought to the rear of the car where Detective Fried began a closer search of the defendant. Detective Petterson remained about two to three feet away from the defendant. As Detective Fried engaged in a search of the defendant, Detective Petter-son observed a small plastic package containing a tanish-pink powder fall onto the street. The package appeared to drop from the defendant’s pants’ leg. Detective Petterson retrieved the package from near the defendant’s feet. Prior to the package falling to the ground, no items similar to the package were observed. The package was turned in to the crime lab where it was tested and identified as cocaine, a Schedule II drug.
ASSIGNMENT OF ERROR NO. 1
Appellant argues in assignment of error number one that the trial court erred in denying his motion to suppress. He specifically argues that the information known to the police at the time of the stop was insufficient to render probable cause for *499 that stop. In this respect, he argues that the informant failed to give a name and description of the person alleged to have the drugs and did not give the license plate number of the car. Further, he argues that although the informant stated he had seen the cocaine on the defendant’s person, no time or place was given as to when the drug was seen and no information was given as to where on the defendant’s person the drugs could be found. He concludes that there was no independent police investigation to corroborate the informant’s tip.
Both state and federal constitutions prohibit unreasonable searches and seizures. U.S. Const.Amend. IV; LSA-La. Const. Art. 1, § 5 (1974). Implicit in this protection is a restraint upon police from approaching an individual under circumstances which make it seem that some form of detention is imminent unless police have either probable cause to arrest or reasonable grounds to detain. State v. Duplessis, 391 So.2d 1116 (La.1980). A search incident to arrest is a recognized exception to the rule that a warrantless search is unreasonable. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Tomasetti, 381 So.2d 420 (La.1980).
Probable cause to arrest without a warrant exists when facts and circumstances known to the officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Marks, 337 So.2d 1177 (La.1976). Probable cause to arrest may be provided by information received from a confidential informant as long as the basis for the information and the informant’s reliability, when examined under the totality of the circumstances, are established. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Although an informant’s “veracity,” “reliability” and “basis of knowledge” are no longer controlling, they are still relevant factors in the totality of the circumstances examination. Illinois v. Gates, supra.
Appellant’s argument that there was no independent police investigation to corroborate the informant’s information is dispelled by the record. The officers immediately proceeded to the address given and found a vehicle and passengers as described by the informant. This vehicle shortly left the residence, a fact which they had been told to anticipate. These activities took place within such a short period of time that further investigation was impossible. However, most of the circumstances they had been related were at that point corroborated by their observations.
The additional information which the officers had received was that the informant, who had been shown to be extensively reliable in the past, had seen the cocaine on the person of the defendant. Appellant concedes that the informant “stated that he had seen the cocaine on the defendant’s person” but nevertheless did not have a sufficient basis of knowledge as the informant provided no name, license plate number, time or place from which the knowledge was obtained.
In support of his argument defendant cites State v. Raheem, 464 So.2d 293 (La.1985) and State v. Ruffin, 448 So.2d 1274 (La.1984). In both of these cases, the Louisiana Supreme Court gauged the search and arrest respectively under the Gates “totality of circumstances doctrine” and determined that the police action at issue should be suppressed. The Supreme Court determined in both cases that the reason there was no probable cause was because the basis for the informant’s information was not known. Thus, this fact, when compared to the totality of the circumstances, did not render sufficient information to yield probable cause.
We determine that contrary to Ruffin and Raheem, the instant facts, when considered under the “totality of the circumstances” doctrine of Illinois v. Gates, supra, render probable cause. The details given by the informant described specific criminal conduct by a specific person at a specific location. Inherent in the informa *500 tion is that the criminal conduct was ongoing and had recently been observed by the informant. While there may have been an additional detail or two regarding the description of the vehicle or defendant present in Ruffin or Raheem, the details here were sufficient to describe criminal conduct and each was corroborated by the observations of the officers. Of particular importance is that the informant had seen the defendant with the substance.
Parenthetically, we note that under the facts of this case it is difficult to determine whether the defendant was arrested before he was searched or was searched before he was arrested. Since the circumstances equated to probable cause, it does not matter whether the search or the arrest came first. State v. Melton, 412 So.2d 1065 (La.1982). Thus, the cocaine fell from the defendant’s pants’ leg either during a valid search or during a search incident to a lawful arrest. Chimel v. California, supra. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
In assignment of error number two, defendant argues that the trial court erred in denying the request for disclosure of the confidential informant. Defendant asserts that the identity of the informant would have been relevant and helpful in' the defense of the accused or essential to a fair determination of his cause. He argues that allowing the state to withhold the name of the informer would in fact be creating a “new pusher protection privilege.” He thus argues that the only way the informant could have known that the defendant had drugs on his person under the circumstances of the instant case was if the informant had in fact distributed the drugs to the defendant.
As a general rule, the state is permitted to withhold the identity of an informer from the accused. The informer privilege is founded upon public policy and seeks to advance the public interest in effective law enforcement. There are recognized exceptions to this general rule but only in exceptional circumstances. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. James, 396 So.2d 1281 (La.1981). There is a heavy burden placed upon the defendant to make a showing of exceptional circumstances warranting disclosure, and the trial court is allowed much discretion in its determination of whether or not this burden has been met. State v. Davis, 411 So.2d 434 (La.1982); State v. O’Neal, 501 So.2d 920 (La. App. 2d Cir.1987), writ denied, 505 So.2d 1139 (La.1987); State v. Reed, 499 So.2d 132 (La.App. 2d Cir.1986); State v. Humphries, 463 So.2d 804 (La.App. 2d Cir.1985).
In response to the state’s objection to his attempt to obtain the name of the confidential informant, defense counsel stated that “[w]e feel that it interferes with [the defendant’s] right to confront his accuser.” He made no further argument and advanced no sound reason regarding the possible significance of the informer’s testimony.
There is no evidence in the record which indicates that the informer did in fact take part in the instant event as anything other than an observer. Therefore, absent any significant showing as to why the informant’s identity should be revealed, the trial court was not in error in failing to reveal the identity of the informant. Additionally, the record suggests that defense counsel in fact knew the name of the informant.
Under these circumstances, the defendant has failed to show exceptional circumstances warranting disclosure. This assignment is without merit.
ASSIGNMENT OF ERROR NO. 3
Defendant’s final assignment of error asserts that the trial court imposed an excessive sentence.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr. P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, *501 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Landos, 419 So.2d 475 (La.1982). The important elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
Second, the reviewing court must determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
The defendant makes general allegations regarding the claim of excessive sentence. Clearly, the reasons given by the trial judge for the defendant’s sentence demonstrate an adequate compliance with LSA-C.Cr.P. Art. 894.1. The trial court found that the defendant was 28 years old and at the present time unemployed. The possession of cocaine was a serious offense,, cocaine being a controlled dangerous substance which could produce harm both to the defendant and possibly to others. The trial court found that the defendant knew that the conduct was illegal and that the defendant had not led a law-abiding life. Further, the court found an extreme history of prior delinquency and determined that the defendant had been “in trouble” most of his life. The trial court noted that the defendant’s record was one of the worst it had seen in some time. The trial court found that the defendant had not benefited from prior punishments and that the defendant was likely to commit another crime. The defendant was classified as a third felony offender. The trial court noted that imprisonment would not impose a hardship on the defendant and that the defendant was a definite risk to society. Finally, the court stated that a lesser sentence would deprecate the seriousness of the crime.
Additionally, the record supports the sentence imposed. The defendant has an extensive juvenile record which includes several significant felony offenses. Further, that record indicated that the defendant did not benefit from counselling or parole and indicates that he was in consistent difficulty with juvenile authorities from approximately age seven until his release from LTI in 1976 when he reached his seventeenth birthday.
In 1976, the defendant was charged with simple battery in Monroe, his first conviction as an adult. In 1977, the defendant received thirty days for misdemeanor theft. In 1978, the defendant was charged with armed robbery and ultimately pled guilty to the reduced charge of simple robbery. He was sentenced to three years in the Ouachita Parish Jail. Also in 1978, the defendant was fined for possession of marijuana. Again in 1978, the defendant was sentenced to six months for receiving stolen things. In 1979, the defendant was sentenced for different counts of simple escape. In 1980, the defendant was sentenced for simple possession of marijuana. In 1981, the defendant was sentenced for simple escape and simple battery. In 1982, the defendant was charged with forcible rape which was reduced to simple crime against nature for which he was sentenced to five years at the Department of Corrections. The defendant received a good time *502 discharge in December, 1985. Then, the defendant committed the instant offense in October, 1986.
After the present offense, the defendant was sentenced for disturbing the peace and had two other charges pending — distribution of marijuana and false representation.
Considering the reasons articulated by the trial court for the sentence imposed and the extensive criminal history of the defendant, we cannot determine that this sentence is excessive. The defendant has a strong propensity for criminal conduct and has not responded to correctional treatment. He has an extensive juvenile and adult record and he continued criminal activity even after being convicted of the present offense. The defendant’s sentence and conviction are therefore affirmed.
AFFIRMED.
ON APPLICATION FOR REHEARING
Before MARVIN, JASPER E. JONES, SEXTON, FRED W. JONES and NORRIS, JJ.
Rehearing denied.