612 So.2d 1052 (1993)
STATE of Louisiana
v.
Seinfred S. DAVIS.
No. 92-K-2366.
Court of Appeal of Louisiana, Fourth Circuit.
January 20, 1993.
*1053 Harry F. Connick, Dist. Atty., Lawrence Billeaud, Asst. Dist. Atty., New Orleans, for relator.
Floyd Gibson, Orleans Indigent Defender Program, New Orleans, for respondent.
Before SCHOTT, C.J., and LOBRANO and JONES, JJ.
SCHOTT, Chief Judge.
On the application of the State we grant certiorari in order to review a judgment of the trial court granting defendant's motion to suppress a matchbox of cocaine seized on his person.
Officer Carrigan testified at the hearing on the motion. He and his partner were on patrol near the St. Thomas public housing project in New Orleans. As they approached Josephine and St. Thomas Streets, an area known for drug trafficking, Carrigan saw the defendant. He was on the corner with a number of persons who were walking up and down the sidewalk and was apparently selling drugs to pedestrians and automobile occupants. He approached several cars, was leaning into cars, going back and forth between cars and the sidewalk, constantly going in and out his pockets with small objects. Carrigan testimony continued as follows:
As I am watching him, he comes away from one of the car's and walks up to the curve where there is another subject, reaches into his pocket, and removes what appears to be a matchbox. He took the matchbox out, and he showed it to the other guy, and at that point, that's when I got close enough to get out of the car and grab the subject.
Q. Okay. What was the significance of the matchbox?
A. It's commonly used to carry cocaine in. Most of the people that sell it on the street carry in around in matchboxes.
Q. How many other people were in the area?
A. There were several subjects walking up and down the sidewalk, and cars passing by. It's right in the middle of the project, housing project.
Q. After you approached the defendant, what happened at that point?
A. Well, several subjects, you know, several of the subjects along the corner fled. I didn't go after them because I didn't see them doing anything. But I did stop this subject, the one I did stop, and he did have a matchbox on him.
Q. Okay. Did you discover anything inside of the matchbox?
A. One small rock of cocaine.
C.Cr.P. art. 213 authorizes a policeman to arrest a person who has committed an offense in his presence. The search of a defendant is legal if there is probable cause of his arrest. Probable cause exists when the facts and circumstances known to the officers and of which they have reasonably trustworthy information are sufficient to justify the belief by a man of ordinary caution that the suspect has committed or is committing a crime. State v. Roebuck, 530 So.2d 1242, 1247 (La.App. 4th Cir.1988), writ denied 531 So.2d 764.
The facts and circumstances observed by this police officer and his companion could lead to only one logical conclusion. Defendant was selling crack cocaine on the corner to passersby from the matchbox in his pocket as happens continuously on street corners in areas of New Orleans well known to police officers for drug trafficking. Common sense told the officers the defendant was selling drugs just as common sense dictates the conclusion that the officers had probable cause to arrest him.
The search and seizure of the cocaine was incidental to defendant's arrest so that it was clearly valid and not at all in violation *1054 of defendant's constitutional protection against unreasonable search and seizure. The trial court erred in granting defendant's motion to suppress.
Accordingly, the judgment of the trial court is reversed, defendant's motion to suppress is denied, and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
JONES, J., dissents.
JONES, Judge, dissenting.
I respectfully dissent from the majority's opinion in this matter. Officer Carrigan testified that at no time did he see any drugs or any exchange of money. He testified that he conducted an initial patdown search for weapons and "for the contraband that I suspected he had on him."
The officer's mere suspicion of criminal activity does not justify a patdown frisk under La.C.Cr.P. article 215.1. Where the officers did not observe drugs or money change hands, I do not find that the facts constitute probable cause for arrest.