ARMSTRONG, Judge.
The defendant, Norman Dubuclet III, was charged with one count of possession of cocaine, a violation of La.R.S. 40:967. At his arraignment the defendant pled not guilty. He reserved the right under State v. Crosby[1] to appeal from the trial court’s denial of his motion to suppress evidence. After the defendant waived delays, the trial court sentenced him to two and one-half years at hard labor.
The record reflects that the only witness at the motion to suppress hearing was Officer Todd Morel. He testified that on March 18, 1992 at approximately 8:00 a.m., he and his partner were in a marked police unit about ten feet from the defendant. The defendant turned and saw the officers “with surprise.” The defendant was holding what appeared to be a crack pipe. The pipe was a four inch piece of glass tubing which was discolored at both ends due to heat. There was a white substance in it. The defendant placed the pipe in his pocket and began walking away. The officers stopped him and retrieved the crack pipe in his pocket. The officers then placed the defendant under arrest.[2]
A review of the record for errors patent reveals that there are none.
By the defendant’s only assignment of error, he contends that the trial court erred in denying his motion to suppress physical evidence.
Officer Morel testified that he made a “Terry” stop of the defendant. Therefore, on appeal the defendant directs his argument to the legality of the seizure pursuant to the limited pat down search for weapons provided under La.C.Cr.P. art. 215.1 and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The defendant ignores the testimony by Officer Morel that he when observed the object in the defendant’s hand as the police unit drove up, he recognized it as a crack pipe, used for smoking crack cocaine. Thus, he immediately recognized the object, which he said had a white substance in it, as contraband. He observed what he had probable cause to believe was a crack pipe with drug residue containing illicit drug residue. Although Officer Morel testified that he made a “Terry” stop, his testimony establishes that at the time he searched the defendant he had the probable cause necessary to arrest the defendant for possession of cocaine. “Probable cause to arrest exists when the facts and circumstances known to the officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution to believe the person to be arrested has committed a crime.” State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988) writs denied, 531 So.2d 764 (La.1988).
In State v. Melton, 412 So.2d 1065 (La.1982), an off-duty police officer observed the defendant in a nightclub restroom holding a plastic bag containing a large number of pills. *670 When the defendant saw the officer he put the plastic bag in his boot. The officer testified that although he could not identify the pills, he believed they were illegal narcotics. After identifying himself and asking the defendant to step outside, that officer, and a second officer who was outside, searched him and found a plastic bag containing forty Quaaludes.
Reviewing the legality of the search and seizure, the Louisiana Supreme Court focused on whether the officer had probable cause to arrest the defendant at the time he conducted the search. The court stated:
The question is not whether the formal act of arrest took place after the search was made, but whether probable cause for arrest existed before the search. If an arrest is justified before the search, it is not unreasonable for the search to be made before instead of after the arrest. The arrest, search and seizure must be “contemporaneous”. When there is probable cause but no formal arrest, a limited search to preserve evidence is justified. A limited search such as this is lawful if there is probable cause for arrest, regardless of whether the arrest comes before or after the search. [The officer] believed the pills to be illegal drugs. His belief under the circumstances was reasonable. Therefore he had probable cause to believe that [the defendant] possessed contraband and was justified in the warrantless detention/arrest and search. Subsequently, [the second officer] confirmed that the pills were, in fact, contraband. (Citations and footnotes omitted.)
The facts of the instant case are closely analogous to those in Melton. The police officers were in a known high drug trafficking area. Officer Morel observed the defendant holding an object which he recognized to be a pipe used for smoking crack cocaine. The pipe contained a white substance. Officer Morel had probable cause to believe the defendant was committing a crime, possessing narcotics paraphernalia containing illicit drug residue. At that point Officer Morel had probable cause to arrest the defendant. Even though Officer Morel technically may not have placed him under arrest at the time of the search, because he had probable cause to arrest the defendant, he was justified in searching him to recover the contraband he had seen the defendant place in his pocket. State v. Melton, supra. Therefore, the trial court properly denied the defendant’s motion to suppress the crack pipe.
For the foregoing reasons, we affirm the defendant’s conviction and sentence.

AFFIRMED.

. 338 So.2d 584 (La.1976).

. The hearing transcript does not indicate what other evidence, if any, was seized from the defendant. The appellant's brief makes reference to the seizure of a matchbox but the record does not affirmatively show that such a seizure occurred. In its brief, the State suggests that the evidence at issue is only the glass pipe with its residue.