| tWARD, Judge.
Tony Young, the appellant, was charged by bill of information with possession of cocaine, a violation of R.S. 40:967(0(2). Mr. Young entered a plea of not guilty. A six-member jury found him guilty as charged. Mr. Young was then sentenced to serve four years at hard labor. When Mr. Young was found to be a third time offender the sentence was vacated and he was sentenced to serve forty months at hard labor under R.S. 15:529.1.
On March 19,1992, Officers Tyrone Martin and Thelonious Dukes were on routine patrol in an unmarked police car in the Desire Housing Project when they observed Mr. Young and another man at the intersection of Desire Parkway and Benefit Street, in close proximity to a street lamp, at approximately 8:30 p.m. The officers witnessed the two men engage in a hand-to-hand transaction in which Mr. Young passed an object to the other man and received paper currency from him in return. The officers proceeded in their vehicle towards the men and stopped at a point adjacent to them. Officer Dukes then exited the police car and yelled, “Police, freeze,” at which point both Mr. Young and the other man fled. The officers chased and apprehended Mr. Young, and then ordered him to the ground. Officer Martin conducted a preliminary weapons search, which proved fruitless, and then handcuffed Mr. Young. The officers then stood Mr. Young up, at which point it became ^possible for Officer Martin to conduct a search of the front portion of Mr. Young’s body. During the search Officer Martin felt a “lump” in Mr. Young’s right, front pants pocket, from which he retrieved a clear plastic bag which, upon laboratory examination, was determined to contain crack cocaine. Two five dollar bills were also removed from Mr. Young’s left hand.
A review of the record reveals no errors patent.
By his sole assignment of error, Mr. Young contends that the trial court incorrectly denied his motion to suppress the evidence obtained during an allegedly invalid search, *257 which was conducted pursuant to an admittedly warrantless arrest. In reviewing a trial court’s judgment concerning a motion to suppress, which it has based on live testimony, “the trial court’s purely factual findings must be accepted unless clearly erroneous, or influenced by an incorrect view of the law, and the evidence must be viewed [in the light] most favorable to the party prevailing below. U.S. v. Coleman, 969 F.2d 126, 129 (5th Cir.1992) (quoting U.S. v. Muniz-Melchor, 894 F.2d 1430, 1433-84 (5th Cir.1990, quoting U.S. v. Maldonado, 735 F.2d 809, 814 (5th Cir.1984)).
A search is per se unreasonable when it is “conducted without a warrant' issued upon probable cause, ... subject ... to a few ... exceptions.” State v. Raheem, 464 So.2d 293, 295 (La.1985). A search made incident to a lawful arrest is one such exception. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). State v. Wilson, 467 So.2d 503, 517 (La.1985). State v. Desdunes, 576 So.2d 520, 528 (La.App. 4 Cir.1990). As this Court recently noted in State v. Parker, 622 So.2d 791 (La.App. 4 Cir.1993), the search of the defendant is legal if there is probable cause for his arrest. Id. at 793 (citing Chimel, supra, and Wilson, supra). However, as the Supreme Court observed in Sibron v. State of New York, 392 U.S. 40, 65, 88 S.Ct. 1889, 1904, 20 L.Ed.2d 917 (1968), a search incident to a lawful arrest may not precede the arrest and serve as part of its justification. Id. at 67, 88 S.Ct. at 1905. State v. Melton, 412 So.2d 1065, 1067 (La.1982).
As the Sibron Court further noted, in every ease, “It is a question of fact precisely when ... the arrest took place.” Id. 392 U.S. at 67, 88 S.Ct. at 1905. Melton, 412 So.2d at 1067. Though the defense has not raised issue with the timeliness of the frontal search of Mr. Young, in which the |3crack cocaine which led to his conviction was discovered, and against which the precise point of his arrest proves determinative, we address the following discussion of the issue in confirmation of the trial court’s decision in the matter. As the Supreme Court declared:
An arrest occurs when- the circumstances indicate an intent by the police to effect an extended restraint on the liberty of the accused, rather than at the precise time the officer tells the accused he is under arrest. La.Code Crim.Proc. art. 201; State v. Rebstock, 418 So.2d 1306 (La. 1982). The Supreme Court has emphasized that any assessment as to whether police conduct amounts to a seizure implicating the Fourth Amendment must take into account “all the circumstances surrounding the incident” in each individual case. Michigan v. Chestemut, 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988) [ (citation omitted) ]. A seizure occurs “only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.” [Id. at 572, 108 S.Ct. at 1978.] State v. Simms, 571 So.2d 145, 148 (La.1990).
In the present case, we are satisfied that Mr. Young was indeed arrested when he was ordered to the ground and handcuffed. The requisite restraint upon his liberty was thus accomplished before the search was undertaken, which search ultimately revealed crack cocaine in his pants’ pocket. That Mr. Young was not verbally apprised of his arrest until after this search “does not alter the fact of arrest.” Raheem, 464 So.2d at 296.
In order to determine the validity of the search and the seizure of evidence from Mr. Young’s person, we have next to determine whether the arrest was in fact based upon probable cause. If Officer Martin had such cause to determine that Mr. Young did commit a criminal act prior to the search which revealed the cocaine, then that search was permissible and Mr. Young’s appeal to suppress the resulting evidence must be denied.
In the Simms’ case, the Supreme Court made a full and comprehensive statement of the elements and qualities of probable cause, as follows:
Probable cause to arrest exists when the facts and circumstances within the officer’s knowledge are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); State v. Wilson, 467 *258 So.2d 503 (La.1985). The determination of probable cause, although requiring something more than bare suspicion, does not require evidence sufficient to support a conviction. Probable cause, as the very name implies, deals with probabilities. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). The determination of probable cause, unlike the determination of Uguilt at trial, does not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the available evidence supports a reasonable belief that the person to bé arrested has committed a crime. Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); State v. Rodrigue, 437 So.2d 830 (La.1983). The determination of probable cause involves factual and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. State v. Ogden and Geraghty, 391 So.2d 434 (La.1980) ...
“Each fact known to the police at the time of the arrest, when viewed alone, might be explained consistently with innocence. However, probable cause will not be defeated simply because innocent explanations for an activity can be imagined. LaFave, Search and Seizure § 3.2(e) (1987). Probable cause exists if a “succession of superficially innocent events had proceeded to the point where a prudent man could say to himself that an innocent course of conduct was substantially less likely than a criminal one.” Id_ It is not a prerequisite for the existence of probable cause that the police know at the time of the arrest that a particular crime has definitely been committed. State v. Collins, 378 So.2d 928 (La.1979); State v. Drott, 412 So.2d 984 (La.1982)_ [P]robable cause may exist when the commission of a crime has not been definitely established, but is reasonably probable under the totality of the known circumstances.” Id. at 148, 149. Additionally, in Texas v. Brown, 460 U.S. 730, 739, 103 S.Ct. 1535, 1541, 75 L.Ed.2d 502 (1983), the Supreme Court remarked that probable cause merely requires, “[a] practical, nontechnical” probability that incriminating evidence is involved ... Brinegar v. United States, 338 U.S. [160 at] 176 [69 S.Ct. 1302 at 1311]....” Id. 460 U.S. at 742, 103 S.Ct. at 1543.
There are a number of factors to be considered in making the determination of whether an arrest has been made in compliance with probable cause. Among them is flight. 392 U.S. at 66, 88 S.Ct. at 1904. State v. Nicholas, 397 So.2d 1308, 1313 (La.1981). As the Louisiana First Circuit Court of Appeal has persuasively made note, “the facts and circumstances of what transpired after the show of authority and prior to defendant’s submission thereto are relevant and to be considered ... in determining ... probable cause....” State v. Francise, 597 So.2d 28, 33 (La.App. 1 Cir.1992).
The pertinent factors of the instant case, taken together, distinguish it from two similar but notably different cases: State v. Thornton, 621 So.2d 173 (La.App. 4 Cir.1993) [ 5 [in which the defendant did not attempt to flee when addressed by police officers, and in which crack cocaine was impermissibly retrieved from the defendant’s right, front pocket during a Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) stop and not pursuant to a lawful arrest], and the recent Supreme Court decision in Minnesota v. Dickerson, — U.S.-, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) [in which the defendant did not attempt to flee and an officer exceeded his authority to conduct a search of defendant, also pursuant to a Terry stop, by removing cocaine from the person of the defendant before effectuating his arrest].
Of additional and persuasive importance is the experience and judgment of the officers concerned. Quoting from its prior decision in United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981), the Supreme Court in Texas announced reasoning “applicable” to its probable cause judgment:
The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as fact-finders are *259 permitted to do the same — and so are law enforcement officers. [T]he evidence ... must be seen and weighed ... as understood by those versed in the field of law enforcement, [emphasis added]
Id. at 418, 101 S.Ct. at 695. Officers Martin and Dukes relied on first hand observation and, as determined from testimony at trial, their substantial expertise in this area of law enforcement, which they have accumulated through years of service and well over one thousand such drug arrests between them, a good number of which occurred in the same Desire Housing Project. Implicit in the trial court’s denial of the motion to suppress the evidence is a determination of the credibility of these witnesses. Without cause to disagree, we are necessarily bound by deference to the trier of fact’s judgment in this instance.
Thus the State argues that in the instant case there was probable cause to arrest Mr. Young and that the crack cocaine which was found upon his person was discovered in the course of a search pursuant to a lawful arrest. Based upon the record of the trier of fact, and in consideration of the weighty authority concerning these matters, cited herein, we can only agree. Following our observations in the State v. Davis, 612 So.2d 1052 (La.App. 4th Cir.1993) case, this Court concludes that:
| fiThe facts and circumstances observed by [the officers] ... lead to only one logical conclusion. Defendant was selling [drugs] on the corner ... as happens continuously on street corners in areas of New Orleans well known to police officers for drug trafficking. Common sense told the officers the defendant was selling drugs just as common sense dictates the conclusion that the officers had probable cause to arrest him.
Id. at 1053. Accordingly, the motion to suppress is denied and the judgment of the trial court is affirmed.
AFFIRMED.