586 So.2d 627 (1991)
STATE of Louisiana
v.
Kevin WARTBERG.
No. 91-K-1708.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1991.
*628 Harry F. Connick, Dist. Atty. and Valeri Welz, Asst. Dist. Atty., New Orleans, for relator.
Andrew C. Christenberry, Metairie and John J. Finckbiener, Jr., Chalmette, for respondent.
Before SCHOTT, C.J., and BARRY and CIACCIO, JJ.
SCHOTT, Chief Judge.
On the application of the state we grant certiorari in order to consider the validity of the trial court's grant of defendant's motion to suppress evidence.
What the police considered as a reliable informant told them narcotics sales were taking place out of a residence at 5112 Dauphine. On November 14, 1990, the police conducted a surveillance of the residence. They witnessed a number of vehicles and individuals approach the residence and apparently leave without engaging in a transaction. The following day the informant told the police that the drug dealers had run out of heroin but would have a fresh supply on the following day. They reestablished the surveillance on November 15. At about 10:20 a.m. they observed that an automobile containing four occupants stopped at the residence, someone came out of the residence and approached the automobile, and a passenger in the automobile and the person from the residence exchanged objects. The police were convinced they witnessed a drug transaction.
After summoning reinforcements to stop the vehicle the police followed it and stopped the vehicle with the assistance of another police car. Officer Dejoie ordered them out of the car, advised the occupants they were under investigation for possession of narcotics, and advised them of their rights. Upon patting down the defendant, Dejoie found a medicine bottle which contained what appeared to be heroin and marijuana. At this point Dejoie advised them they were under arrest.
The trial court found that this was an investigatory stop, but not an arrest, and that the circumstances did not justify Dejoie's pat down of the defendant. Consequently, the court suppressed the evidence as seized in violation of defendant's constitutional protection against unreasonable search and seizure.
A policeman may stop a person in a public place whom he reasonably suspects has committed an offense. LSA C.Cr.P. art. 215.1(A). But the officer may frisk the subject's outer clothing for a weapon, only *629 if he reasonably suspects he is in danger. Art. 215.1(B). On the other hand an officer who arrests a subject may search him as an incident to the arrest. We have concluded that the search was valid whether this was a stop or an arrest.
If this was only an investigatory stop these officers were satisfied that they had seen a drug transaction and they were dealing with four drug suspects in an automobile. It would be reasonable to infer that such subjects would be armed and dangerous. Consequently, Dejoie, as a reasonably cautious policeman, was entitled to fear that the defendant might have a weapon and was justified in searching him. See Terry v. Ohio, 392 U.S. 1, 24, 88 S.Ct. 1868, 1881, 20 L.Ed.2d 889 (1968).
The evidence also supports the conclusion that this was an arrest and a search incident thereto. Arrest is a status determined by the subject's situation, not by the label the officer puts on it. In a stop, once the subject provides his name, address, and explanation as required by C.Cr.P. art. 215.1(A) he is free to walk away. In the arrest situation, he is under some restraint.
In the instant case, defendant was in an automobile stopped by two or three police cars and a number of policemen. Dejoie testified they were not under arrest, but when asked whether they were free to go he stated, "They could have tried to leave, yes." As soon as he ordered defendant out of the car he gave him his Miranda rights. The implication from this is all too clear. The only reasonable conclusion is that defendant was under arrest whether Dejoie wanted to use the term or not. Consequently, the search was lawful as an incident to the arrest. The evidence likewise supports probable cause for the arrest consisting of the information obtained from the confidential informant, the activities observed by the police during the surveillance, and what clearly appeared to be a drug transaction before defendant and his companions left in the car.
Accordingly, the judgment granting defendant's motion to suppress is reversed and set aside and defendant's motion is denied. The case is remanded for continued proceedings.
REVERSED AND REMANDED.