621 So.2d 173 (1993)
STATE of Louisiana
v.
Josiah THORNTON.
No. 92-KA-2451.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1993.
Harry F. Connick, Dist. Atty. of Orleans Parish, Val M. Solino, Asst. Dist. Atty. of Orleans Parish, New Orleans, for plaintiff/appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before BARRY, WALTZER and LANDRIEU, JJ.
WALTZER, Judge.
The defendant was charged with possession of cocaine. He was tried by a six-person jury and found guilty as charged. The defendant received a suspended sentence of one year at hard labor and was placed on three (3) years' active probation with certain conditions, including 100 hours of community service and payment of $161.50 in court costs or thirty days in jail in default of payment.

*174 TESTIMONY AT TRIAL
On February 24, 1992, at approximately 8:30 p.m., Officers Joseph Narcisse and Scott Gittleson were on patrol in the area of Florida and Tupelo Streets. At the corner of those streets, they saw two men, one of whom they identified as the defendant, engage in what appeared to be a drug transaction. The officers saw defendant receive a white packet and then give the other man, Davis, some currency. Defendant put the packet in his right front pants pocket. The officers testified that the area was known for narcotics trafficking.
The officers advised defendant and Davis they were under investigation for drug law violations and ordered them to put their hands on the patrol car. Gittleson frisked defendant and felt a small object in the right front pocket. Gittleson removed a packet wrapped in white paper from defendant's pocket, opened it, and found seven rocks of cocaine. Seventy-five dollars in currency was found on Davis.
Defendant denied buying cocaine from Davis. He testified that he had gone to the corner store to buy some hard candy; and, that as he left the store, someone he did not know started to walk alongside him. Defendant said that the police then ordered him and this other man to stop. He was frisked and his money, ($75.00) which was the proceeds from his paycheck, was taken from him. He told the officers that there were no drugs on him, but the officers told him they found cocaine in his pocket.

TESTIMONY ON THE MOTION TO SUPPRESS
Only Officer Narcisse testified at the motion hearing. He testified that he was at the corner of Tupelo and Law Streets, when he observed one black male pass a small object to the man who was later learned to be the defendant. An apparent exchange of currency was also observed. This observation was made at 8:30 p.m. in the dark in February from a distance of a fourth of a block away. Officer Narcisse admitted during the motion hearing that he could not see what the packet was, and that he saw "only a white packet". He added that numerous bills changed hands. Officer Narcisse testified that the geography contributed to his feeling that this was a drug transaction. When the subjects were patted down for weapons, they were asked "what do you have on you, so I won't hurt myself, as far as needles, razor blades and that sort of stuff." According to Police Officer Narcisse's testimony they had nothing on them to hurt him. There were no belligerent acts or threatening language by the detained men. Officer Narcisse continued to testify that the defendant "permitted" his partner to look into his pocket, at which time white paper and the contraband were discovered.[1]
The court found probable cause and denied the motion to suppress.

ASSIGNMENT OF ERROR NO. 1
In his sole assignment of error, defendant complains that the trial court erred in denying his motion to suppress the evidence. He argues that under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the officers exceeded the permissible scope of the search by seizing the cocaine from his pocket and that the search and seizure were not justified under a "plain feel" exception. The State argues that there was probable cause to arrest defendant and that the search and seizure incident to the arrest was therefore legal. The State also argues that even if the officers did not have probable cause, they did have reasonable suspicion to stop defendant and that the officers were justified *175 in seizing the cocaine when they felt the rock-like substance in defendant's pocket.
Turning first to the issue of whether there was probable cause to arrest defendant, probable cause exists when the facts and circumstances known to the officer and about which he has reasonable trustworthy information are sufficient to justify the belief in a man of ordinary caution that the person to be arrested has committed a crime. State v. Wilson, 467 So.2d 503 (La.1985), cert. den., Wilson v. Louisiana, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985); State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir.1988), writ den., 531 So.2d 764 (La.1988). In the present case, the officers witnessed an exchange of currency for an unknown object wrapped in white paper between defendant and another man in an area known for drug trafficking. Neither defendant nor Davis tried to elude the police or act in an otherwise suspicious manner. Both officers testified they approached defendant and Davis to investigate for a narcotics violation. Neither man was familiar to the officers. Under these circumstances there was no probable cause for an arrest of the defendant in that the officers were not justified in concluding that a crime had been committed. Thus, the search is not justified on this basis. However, the officers did have reasonable suspicion to justify an investigatory stop of the defendant under Terry v. Ohio, supra. Reasonable suspicion for an investigatory stop is something less than probable cause. It must be determined under the facts of each case whether the police had sufficient articulable knowledge of particular facts and circumstances to justify an infringement upon an individual's right to be free from governmental interference. State v. Albert, 553 So.2d 967 (La.App. 4th Cir.1989); State v. Smith, 489 So.2d 966 (La.App. 4th Cir. 1986). The reputation of an area is an articulable fact upon which an officer can rely and which is relevant in the determination of reasonable suspicion. State v. Richardson, 575 So.2d 421 (La.App. 4th Cir.1991), writ den., 578 So.2d 131 (La. 1991); State v. Burnett, 513 So.2d 391 (La.App. 4th Cir.1987).
Under C.Cr.P. art. 215.1(B), when an officer lawfully stops a person for questioning, he may frisk that person's outer clothing for any dangerous weapons, if the officer reasonably suspects that the person is armed, but the officer must be warranted in his belief that his safety or that of others is in danger. State v. Lightfoot, 580 So.2d 702 (La.App. 4th Cir.1991). In State v. Short, 605 So.2d 1102 (La.1992), the Supreme Court reversed this court's decision upholding the seizure of drugs during a weapons search. The police stopped the defendant in a high crime area known for drug trafficking after seeing the defendant and another walking out of an alley. The defendant appeared to be trying to put something in his pocket while the other person appeared to be folding money. The defendant continued to try to shove something into his pocket when the police approached him. The defendant was stopped and searched for weapons for safety reasons. During the search, the police found "rocks" of cocaine. Our court ruled that because of the notorious area and the suspicion that a drug deal had just been concluded, the police were justified in conducting a search for weapons, citing State v. Wartberg, 586 So.2d 627 (La.App. 4th Cir. 1991). This court concluded that the officers' reasonable suspicion "blossomed" into probable cause when they seized the crack cocaine from the defendant's pocket. Additionally, the court found that the seizure of the cocaine during a frisk for weapons connected to the Terry stop was legal because the officer frisking the defendant was entitled to fear that the defendant was armed. The court also held the search was lawful as being incident to arrest. In a very brief opinion, the Supreme Court reversed because the search went beyond a frisk for weapons.
The question of whether there is a "plain feel" exception to the warrant requirement is currently before the United States Supreme Court. In Minnesota v. Dickerson, ___ U.S. ___, 113 S.Ct. 2130, 124 L.Ed.2d 334, the issue to be considered is whether an officer, during a Terry stop and while patting down for weapons, can seize an *176 object from a defendant's pocket based on the officer's perception that the object is not a weapon but feels like contraband. Pending the outcome of this case, we are bound by the holding in Short, supra. Here there was no probable cause to arrest giving rise to a search incident thereto. The officers clearly had reasonable suspicion to make an investigatory stop of the defendant after seeing him engage in what appeared to be an exchange of currency for drugs in an area thought notorious for drug trafficking. However, the officers' search went beyond a frisk of weapons and exceeded the scope permitted by a search for weapons. Thus, the seizure of the cocaine was illegal since there was no testimony that the rock-like substance felt in defendant's pocket was perceived to be a dangerous weapon.
Therefore, the conviction is reversed and the matter is remanded. Since we reverse on the grounds as above set out, a discussion of errors patent is pretermitted.
REVERSED AND REMANDED.
BARRY, J., dissents with written reasons.
BARRY, Judge, dissenting with written reasons.
I respectfully dissent. Officer Narcisse testified that the defendant permitted Officer Gittleson to search his pockets. The cocaine was found pursuant to this consensual search; thus, State v. Short, 605 So.2d 1102 (La.1992) and Minnesota v. Dickerson, ___ U.S. ___, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) are inapplicable.
Minnesota v. Dickerson extends the "frisk" jurisprudence to include a "plain feel" discovery. A permissive search, as here, clearly falls within that parameter.
I believe the motion to suppress was properly denied and I would affirm the ruling of the trial court.
NOTES
[1] The police report states: At about 830 pm on 2-24-92 Officers S. Gittelson and J. Narcisse manning unit 514 while on routine patrol observed A/S Dudley Davis hand a small white packet to A/S Josiah Thornton who place [sic] the packet in his front right pants pocket. A/S Josiah Thornton then handed what appeared to be U.S. currency to A/S Dudley Davis who placed the currency in his left front pants pocket. Officers then approached arrested subjects and when A/S Josiah Thornton was searched they found the small white packet which contained seven rock like objects which appeared to be crack cocaine. A/S were then placed under arrest and advised of their Miranda rights by the Officer J. Narcisse. Officer then searched A/S Dudley Davis and found seventy four Dollars in US currency in his left front pocket.