679 So.2d 178 (1996)
STATE of Louisiana,
v.
Charles MITCHELL.
No. 95-KA-2454.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1996.
Lindsay A. Larson, O'Neil, Eichin, Miller & Saporito, New Orleans, for Defendant/Appellant, Charles Mitchell.
Harry F. Connick, District Attorney, Theresa A. Tamburo, Assistant District Attorney, of Orleans Parish, New Orleans, for Plaintiff/Appellee, State of Louisiana.
Before BARRY, BYRNES and MURRAY, JJ.
MURRAY, Judge.
Charles Mitchell was charged on April 17, 1995, with one count of possession of marijuana with intent to distribute and one count of possession of cocaine with intent to distribute. He pleaded not guilty to both counts. The trial court denied his motion to suppress the evidence. He was found guilty as charged on both counts and sentenced to serve five years at hard labor on each count, with the sentences to run concurrently to each other and consecutively to any other sentence he might be serving. Mr. Mitchell appealed his conviction alleging that the trial court erred when it denied his motion to suppress the evidence. We affirm.
On the afternoon of March 14, 1995, Sgt. Steven Gaudet received a tip from a confidential *179 informant that a black male wearing a yellow rain suit and eyeglasses was selling narcotics in the area of Sixth, Saratoga and LaSalle Streets. The informant also told Sgt. Gaudet that the drug dealer was using a red Chevrolet. Officers Wheeler Sullivan and William Ceravolo, who were sent to investigate, saw a person matching the description given by the informant standing next to a red Chevrolet Impala in the 2300 block of Sixth Street near LaSalle. The officers watched as this man, later identified as the defendant, Charles Mitchell, engaged in what appeared to be three separate drug transactions. They observed him receive what appeared to be currency, go over to the Impala, remove an object, and then give a package to the person who gave him the currency. The officers informed Sgt. Gaudet of what they had seen, and he arrested Mr. Mitchell and searched him. The search produced $183.00 in currency and keys to the Impala. A search of the car yielded registration and insurance documents for the Impala in Mr. Mitchell's name and a plastic shopping bag containing both powder and crack cocaine, marijuana, and twenty-two syringes.

DISCUSSION
A review of the record reveals no errors patent.
In his sole assignment of error, Mr. Mitchell complains that the trial court erred in finding that the officer's testimony supported a finding of probable cause sufficient to allow them to arrest him and search his car. He contends that the testimony of Officer Sullivan and Sgt. Gaudet was not credible because of discrepancies between the handwritten "gist", the typewritten incident report and their testimony.
The trier of fact has great discretion in determining the credibility of witnesses, and that determination should not be disturbed unless it is clearly contrary to the evidence. State v. Harris, 624 So.2d 443 (La.App. 4th Cir.1993), writ denied 93-2609 (La. 6/24/94), 640 So.2d 1339; State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989).
Officer Sullivan testified that he prepared the "gist", which he characterized as a probable cause statement, within an hour of the arrest of Mr. Mitchell. The "gist" apparently stated that the call from the informant was received by Officer Sullivan, and referred to one drug transaction that was observed by Officers Sullivan and Ceravolo.[1] The incident report, which Officer Sullivan prepared the following day, stated that Sgt. Gaudet received the call from the informant and that three drug transactions were observed. Officer Sullivan testified that Sgt. Gaudet "counseled" him about what was in the "gist" and told him it was not accurate and that he, therefore, was not to write the incident report that way.
Sgt. Gaudet testified at trial that he was the one who received the phone call from the informant and that Officer Sullivan was in the office at that time. He admitted telling Officer Sullivan something to the effect that the incident report was not going to be written as stated in the "gist".
Sgt. Gaudet was asked to explain why all three alleged drug transactions were not contained in the "gist". He explained that a "gist" is a brief synopsis of what happened prior to arrest. It is much less specific than an incident report. The "gist" is prepared to enable the District Attorney's office and the defense attorney to see what led to the defendant's arrest, and contains just the information necessary to establish probable cause for the arrest. Only one drug transaction was needed in order to establish probable cause to arrest Mr. Mitchell. An incident report, however, is a complete chronological order of occurrences and circumstances surrounding those occurrences.
The officers explained the contradictions between the "gist" and the incident report and their testimony. Officer Ceravolo, whose credibility has not been attacked by Mr. Mitchell, testified that he saw three drug transactions, corroborating the testimony of Officer Sullivan and Sgt. Gaudet. We cannot say that the trial court's decision to believe *180 the officers' testimony is clearly contrary to the evidence adduced at the motion hearing and trial.
There was probable cause to arrest Mr. Mitchell because the facts and circumstances known to the arresting officer were sufficient to justify a belief that Mr. Mitchell had committed a crime. See State v. Moreno, 619 So.2d 62 (La.1993); State v. Davis, 612 So.2d 1052 (La.App. 4th Cir.1993); State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir. 1988), writ denied 531 So.2d 764 (La.1988). The determination of probable cause does not require evidence sufficient for a conviction. State v. Simms, 571 So.2d 145 (La. 1990). The trial court did not err in admitting in evidence at trial the items seized from him. The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The "gist" and the police report were not put in evidence at either the suppression hearing or trial.