700 So.2d 224 (1997)
STATE of Louisiana
v.
Derrick BUTLER.
No. 96-K-1600.
Court of Appeal of Louisiana, Fourth Circuit.
August 27, 1997.
Harry F. Connick, Dist. Atty., Karen Herman, Asst. Dist. Atty., New Orleans, for State/Relator.
Bruce G. Whittaker, Whittaker and Riehlmann, New Orleans, for Defendant/Respondent.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
CIACCIO, Judge.
On remand from the Louisiana Supreme Court, we now consider the validity of the *225 trial court's grant of defendant Derrick Butler's motion to suppress evidence.[1]
On March 15, 1996, police officers received a call about a man dressed in a brown and black striped shirt and black pants selling contraband to pedestrians and persons in cars in the 1300 block of South Dorgenois Street in front of the Fast Stop Grocery Store. Officer Joe Belisle and his partner established a surveillance and saw the defendant reach into his shoe area, pull out an object, and hand it to the other individual. The defendant stood in front of the store after the transaction until he saw a police car turn the corner and drive toward him. He then placed his hands into his pockets and walked into the store. Officer Belisle, who was dressed in plain clothes, followed him into the store where the defendant purchased a bottle of water and then exited the store. The defendant walked to the corner of South Dorgenois and Erato Streets where he was detained by Officer Belisle and two other officers, Officers Butler and Carroll. The officers informed the defendant of his Miranda rights and told him he was being detained in conjunction with a narcotics investigation. They then patted down the defendant for their safety and asked him to remove his shoe. When the defendant complied, the officers saw a piece of foil sitting on top of his foot. Inside the foil was a white powdery substance. The officers arrested the defendant and charged him with intent to distribute heroin. Officer Belisle testified that the area was known for drug trafficking.
In granting the defendant's motion to suppress the evidence, the trial court relied on the case of State v. Thornton, 621 So.2d 173 (La.App. 4th Cir.1993). In Thornton, police officers observed two men engaging in what appeared to be a drug transaction, where the defendant gave another man a white packet and the other man handed the defendant some currency. The defendant was then stopped, and the officer that frisked the defendant felt a small object in the defendant's right front pocket. The officer removed a packet wrapped in white paper from the defendant's pocket, opened it and found seven rocks of cocaine. The trial court in Thornton found there was probable cause for the arrest and denied the defendant's motion to suppress. On appeal, we reversed the trial court's finding. We found that these facts did not support the finding of probable cause to believe the defendant was engaged in criminal activity. However, we found that the officers had reasonable suspicion to justify an investigatory stop of the defendant under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and La. C. Cr. P. art. 215.1, and to detain him and frisk him for weapons. We concluded, however, that the search in that case went beyond a frisk for weapons and exceeded the scope permitted under Article 215.1(B).
In its writ application, the State argues that the facts in this case are more similar to those in State v. Wartberg, 586 So.2d 627 (La.App. 4th Cir.1991). In Wartberg, the police received information on two occasions from a reliable informant who provided significant detail regarding the sale of narcotics from a particular location by the defendant. This information was corroborated by police surveillance, and the defendant was stopped, frisked, and a medicine bottle which appeared to contain marijuana and heroin was seized. We reversed the trial court's granting of the defendant's motion to suppress and found that the officers had probable cause for an arrest and subsequent search. We stated:
A policeman may stop a person in a public place whom he reasonably suspects has committed an offense. La. C. Cr. P. art. 215.1(A). But the officer may frisk the subject's outer clothing for a weapon, only if he reasonably suspects he is in danger. Art. 215.1(B). On the other hand, an officer who arrests a subject may search him as an incident to the arrest.
The evidence supports the conclusion that this was an arrest and a search incident thereto. Arrest is a status determined by the subject's situation, not only by the label the officer puts on it. In a stop, once the subject provides his name, address and explanation as required by C. Cr. P. art. 215.1(A), he is free to walk *226 away. In the arrest situation, he is under some restraint.
Wartberg, 586 So.2d at 628.
In the instant case, the evidence supports the conclusion that this was an arrest and a search incident thereto. The police received an anonymous phone call reporting that an individual was selling narcotics in front of the Fast Stop Grocery Store. Upon arriving at the location, the police observed the defendant, whose clothing matched the description given by the informant, conduct what the police officers believed to be a hand to hand narcotics transaction. Officer Belisle testified that the transaction took place in broad daylight while the officers were standing within ten feet of the defendant. A short time later, a marked police vehicle turned onto South Dorgenois Street. When the defendant saw the approaching vehicle he placed his hands in his pockets and went into the store. Officer Belisle followed the defendant into the store and observed him purchase a bottle of water. When the defendant exited the store and walked to the corner, Officers Belisle, Butler and Carroll stopped him, informed him he was under investigation for narcotics and read him his Miranda rights. Given these facts, it is clear that the defendant was under arrest at that moment. Consequently, the search was lawful as an incident to the arrest. Likewise, the evidence consisting of the information obtained from the informant and the activities observed by the police during their surveillance in an area known for drug trafficking supports probable cause for the arrest.
Accordingly, the judgment granting defendant's motion to suppress is reversed and set aside and defendant's motion is denied. The case is remanded for further proceedings.
REVERSED AND REMANDED.
LANDRIEU, J., dissents.
LANDRIEU, Judge, dissenting.
The officers in this case did not have sufficient probable cause to arrest the defendant when they stopped him. Although there was sufficient reasonable suspicion to stop and question the defendant, the officers' demand that the defendant remove his shoe and the subsequent search of the shoe exceeded the scope of a frisk for weapons to protect the safety of the officers. Accordingly, I would affirm the ruling of the district court.
NOTES
[1] State v. Derrick Butler, 97-0032 (La.2/21/97), 688 So.2d 535.