700 So.2d 551 (1997)
STATE of Louisiana
v.
Timmie HILL.
No. 97-K-1012.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1997.
Harry F. Connick, District Attorney, Parish of Orleans, Michelle Beaty-Gullage, Matthew Coman, Assistant District Attorneys, Parish of Orleans, New Orleans, for Relator.
Before BARRY, KLEES and JONES, JJ.
JONES, Judge.
Timmie Hill was charged with one count of simple possession of cocaine, a charge to which he pled not guilty. His motion to suppress the evidence was granted and the State of Louisiana sought review of this ruling in a writ application. This court eventually denied the writ application due to the State's failure to comply with repeated orders of this Court to supplement its writ application with the suppression hearing transcript. State v. Hill, 97-1012 (La.App. 4th Cir. 6/24/97), unpub. The State then sought review in the Supreme Court, contending it mistakenly filed the requested transcript in its application to that court on a different matter in this case.[1] The Supreme Court remanded this matter to this Court *552 and transferred the pertinent transcript for our consideration. State v. Hill, 97-1811 (La.7/9/97), 696 So.2d 1018. The Supreme Court also stayed all proceedings in this matter.
On October 19, 1996, police officers were on patrol in the area of Port[2] and Marais Streets. The officers had received a general tip of narcotics activity in that area, but they had received no descriptions nor names of the people involved in this activity. When the officers arrived at that corner, they observed two unknown men either standing or sitting in front of an abandoned building. The men began walking away in opposite directions when the officers approached them. The officers stopped the men and frisked them. Finding nothing, they ran the names of the men through the computer and found that one of them, the defendant Timmie Hill, had outstanding arrest warrants. The officers placed Mr. Hill under arrest, and in a search incident to that arrest found a crack pipe containing a trace amount of cocaine.
The State contends the trial court erred in suppressing the crack pipe with the cocaine residue because it was seized incident to a lawful arrest on the outstanding arrest warrants. See State v. Wilson, 467 So.2d 503 (La.1985)[3]; State v. Johnson, 94-1170 (La. App. 4th Cir. 8/23/95), 660 So.2d 942[4]. According to the transcript, the crack pipe was found after the officers arrested Mr. Hill on the warrants and searched him. The officers discovered the outstanding warrants only after stopping and frisking Mr. Hill and his companion. Thus, in order for the arrest to be valid, the initial stop of Mr. Hill must be valid.
The State argues the officers had reasonable suspicion of criminal activity to stop Mr. Hill and his companion. In State v. Sneed, 95-2326, (La.App. 4 Cir. 9/11/96), 680 So.2d 1237, 1238[5], this Court described the standard to support an investigatory stop:
An individual may be stopped and questioned by police if the officer has a reasonable suspicion that the person "is committing, has committed, or is about to commit an offense." La.Code Crim. Proc. Ann. art. 215.1. While "reasonable suspicion" is something less than the probable cause needed for an arrest, it must be based upon particular articulable facts and circumstances known to the officer at the time the individual is approached. State v. Smith, 94-1502, p. 4 (La.App. 4th Cir. 1/19/95), 649 So.2d 1078, 1082. The officer's past experience, training and common sense may be considered in determining if the inferences drawn from the facts presented were reasonable. State v. Jackson, 26,138 (La.App.2nd Cir. 8/17/94), 641 So.2d 1081, 1084.
See also State v. Allen, 95-1754 (La.9/5/96), 682 So.2d 713; State v. Williams, 95-1971 (La.App. 4th Cir. 11/16/95), 665 So.2d 112.
Here, the officers were on patrol in an area about which they had received a general tip of narcotics activity. However, they had no description of anyone engaging in this activity. As the officers reached a corner, they saw Mr. Hill and another man either standing or sitting in front of an abandoned building. The men began walking away as the officers approached. The State argues these circumstances are sufficient for a finding of reasonable suspicion to stop the men. However, the officers had nothing to indicate either Mr. Hill or his companion, neither of whom the officers knew, were engaged in any criminal activity. Compare State v. Ratliff, 97-1054 (La.App. 4th Cir. 8/13/97), 700 So.2d 213 where this Court found reasonable suspicion of criminal activity in a similar situation, but the officers approaching that location noticed a hand-to-hand exchange between the defendant and *553 his companion. Given the circumstances of this case, it does not appear the officers had reasonable suspicion to stop the Mr. Hill and his companion.
The officers only learned of the outstanding warrants after detaining and frisking Mr. Hill. Because the detention was not lawful, the resultant discovery of the warrants and the arrest pursuant to them was also unlawful. Because the arrest was not lawful, the seizure of the crack pipe incident to the arrest was also not lawful. Therefore, the trial court did not err by suppressing the crack pipe.
As noted by this Court in State v. Scull, 93-2360, p. 9 (La.App. 4th Cir. 6/30/94), 639 So.2d 1239, 1245[6]: "The trial court is vested with great discretion when ruling on motion to suppress." See also State v. Mitchell, 95-2454 (La.App. 4th Cir. 7/31/96), 679 So.2d 178. Given the circumstances in this case and the lack of actions on the part of Mr. Hill, the trial court did not erred by granting Mr. Hill's motion to suppress the evidence. Accordingly, the State's writ application is granted; however, relief is denied.
WRIT APPLICATION GRANTED; RELIEF DENIED.
NOTES
[1] That writ involved this Court's refusal to recuse the trial court judge. State v. Hill, 97-0849 (La.App. 4th Cir. 4/28/97), unpub.
[2] Although the transcript indicates this street as "Fourth" Street, it appears this incident happened on Port Street, as noted in the State's application. Fourth and Marais Streets do not intersect.
[3] Cert. den. Wilson v. Louisiana, 474 U.S. 911, 106 S.Ct. 281, 88 L.Ed.2d 246 (1985).
[4] Writ den. State v. Johnson, 95-2331 (La.2/2/96), 666 So.2d 1092, and State v. Dibartolo, 95-3044 (La.2/2/96), 666 So.2d 1105.
[5] Writ den. 96-2450 (La.3/7/97), 689 So.2d 1371.
[6] Writ den. 94-2058 (La.11/11/94), 644 So.2d 391.