kTERRI F. LOVE, Judge.

STATEMENT OF THE CASE

By bill of information dated May 8,1998, the defendant, Sidney Givens, was charged with possession of between twenty-eight and two hundred grams, of cocaine; and he pleaded not guilty. The trial court denied the defendant’s motion to suppress the evidence; on September 24, 1998, a twelve-member jury found the defendant guilty of simple possession of cocaine. On October 1, 1998, the trial court sentenced the defendant to fifty months at hard labor.

STATEMENT OF THE FACTS

Pursuant to a tip from a paid confidential informant, Officer Brian Elsensohn went to 7008 Olive Street in an undercover capacity, with three other officers as backup, on March 31, 1998, at approximately 6:00 p.m. Before setting up surveillance, Officer Elsensohn, in an unmarked police vehicle, drove through the intersection on Olive going toward South Carrollton Avenue where he saw a man in a gray shirt and dark pants with another man near a bar called the Mellow Out Lounge. As he drove by the bar, the officer “indicated” two fingers in the window as though he wanted to buy twenty dollars of crack cocaine, and the man in thej^gray shirt said that he had what the officer needed. Officer Elsensohn did not buy anything from the man, but drove around the block and returned to conduct his surveillance at the *1013 intersection, targeting an individual who was supposedly wearing a black shirt that had “Streamline Hustler” on it.
While watching the bar, Officer Elsen-sohn saw the man in the gray shirt have a brief conversation with a white male in a white pickup truck. The white male handed the man in the gray shirt an unknown amount of currency. Then, the man in the gray shirt removed a clear plastic bag from his pants pocket, removed an object from the bag, and handed the object to the male in the pickup truck who then left the scene. About two or three minutes later, a red vehicle occupied by a man and a woman drove up and Officer Elsensohn observed the same type of transaction.
After this transaction, the man in the gray shirt went into the bar and then came back out shortly afterwards with the defendant who was wearing a “Streamline Hustler” shirt. According to Officer El-sensohn, the defendant and the man in the gray shirt spoke briefly, then walked across the street to a red pickup truck. The defendant unlocked the truck and was given some currency by the man in the gray shirt. The defendant removed a large bag that appeared, to contain crack cocaine from under the dashboard and counted out several pieces, giving them to the man in the gray shirt. The defendant put the bag back under the dashboard, locked the truck, and returned to the bar with the man in the gray shirt.
Officer Elsensohn testified that after the two men entered the bar, he left the scene and notified the backup officers to investigate the defendant and the man in the gray shirt. As the officers pulled up in front of the bar, the man in the gray shirt exited the bar and fled on foot.
| ^Officer Travis McCabe testified that, at Officer Elsensohn’s direction, he and Officer Gillard went into the Mellow Out Lounge to apprehend the man wearing the “Streamline Hustler” shirt, while Officer Crawford pursued the man in the gray shirt who had fled the scene. Officer McCabe said that, when he entered the bar, the man wearing the “Streamline Hustler” shirt was playing pool. The man, identified as the defendant, put down the pool cue and discarded a bag behind a large box speaker near the back wall of the bar. The officers asked everyone in the bar to get against the wall for safety reasons, and Officer Gillard placed handcuffs on the defendant. Officer McCabe went over to the speaker and retrieved the plastic bag discarded by the defendant. The bag contained three very large pieces of crack cocaine. Officer McCabe informed the defendant that he was under arrest and escorted him from the bar.
Officer McCabe took a set of keys from the defendant to unlock the red pickup truck parked directly across the street from the bar. The officer removed a large bag containing nine large pieces of crack cocaine and sixty smaller pieces of crack cocaine from under the dashboard of the truck. On cross-examination, Officer McCabe admitted that he had received information from a paid confidential informant as a part of his investigation, but denied that there were several other people in the bar wearing “Streamline Hustler” shirts.
Officer Gillard stated that $418.00 in cash was also taken from the defendant.

DISCUSSION

In his sole assignment of error, the defendant argues that the trial court erred in denying his motion to suppress the evidence. He alleges that the evidence was obtained during an illegal search and seizure because the officers did not have | reasonable suspicion to stop him or probable cause to suspect that contraband had been placed behind the speaker. To support this assignment, the defendant argues that the police officers had no grounds for a warrantless search and arrest of him.
*1014 Although an officer must have probable cause for a lawful arrest, a police officer has the right to detain briefly and interrogate a person when the officer has a reasonable suspicion that the person is, has been, or is about to be engaged in criminal conduct. See LA. CODE CRIM. PROC. ANN. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048; State v. Tucker, 626 So.2d 720 (La.1993). The “reasonable suspicion” required for an investigative stop is less than probable cause, and the totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Robertson, 97-2960 (La.10/20/98), 721 So.2d 1268; see State v. Belton, 441 So.2d 1195, cert. denied Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). An investigative stop must be justified by some objective manifestation that the person to be stopped is engaging in or is about to be engaged in criminal activity. See State v. Moreno, 619 So.2d 62 (La.1993).
In State v. Mitchell, 95-2454 (La.App. 4 Cir. 7/31/96), 679 So.2d 178, a confidential informant told the police that a black male wearing a yellow rain suit and eyeglasses was selling narcotics in a particular area. Acting on this tip, police officers went to the area and watched a man matching the description given by the informant engage in what appeared to be three different drug transactions. Specifically, the officers. observed the man receive what appeared to be currency, go to a car, remove objects, then give packages to the people who had given him currency. This Court found that the police officers had probable cause to arrest the man because the facts and circumstances known to the police officers were | .sufficient to justify a belief that the man had committed a crime. See also State v. Butler, 96-1600 (La.App. 4 Cir. 8/27/97), 700 So.2d 224, 226.
In the present ease, the police had reasonable suspicion to stop the defendant based on objective manifestations that the defendant was selling drugs. In fact, as in Mitchell, the facts and circumstances in this case 'rise to the level of probable cause. The tip received from the confidential informant was corroborated by Officer Elsensohn’s observation of the defendant, dressed as the informant described, engaging in what appeared to be a drug transaction with the man in the gray shirt. The officers had more than just a tip describing the defendant; they also had their personal observations of the defendant’s suspicious activities. Therefore, the bag of cocaine discarded by the defendant was lawfully seized from behind the speaker.
Further, if a car is readily mobile and probable cause exists to believe that it contains contraband, the Fourth Amendment permits police to search the vehicle. See State v. Freeman, 97-1115 (La.App. 5 Cir. 12/29/98), 727 So.2d 630, 635. The officers had probable cause to search the defendant’s truck based on Officer Elsen-sohn’s surveillance of the defendant giving the man in the gray shirt what appeared to be crack cocaine from a bag hidden in the truck’s dashboard. Therefore, the police could unlock the defendant’s truck and seize the bag of contraband concealed in the dashboard. The search and seizure were not illegal. This assignment of error is without merit.

CONCLUSION

For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
| .AFFIRMED